[Cite as *State v. Norris*, 2014-Ohio-3590.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 100640

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## EVAN NORRIS

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-570638-A

**BEFORE:** Boyle, A.J., Rocco, J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** August 21, 2014

**ATTORNEY FOR APPELLANT**

Susan J. Moran
55 Public Square
Suite 1616
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Brian M. McDonough
          Maxwell Martin
Assistant County Prosecutors
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, A.J.:

**{¶1}** Defendant-appellant, Evan Norris, appeals his sentence. He raises two assignments of error for our review:

> 1. The trial court erred in finding that the record clearly and convincingly supported the imposition of consecutive sentences.
>
> 2. The trial court erred in failing to properly consider the felony sentencing guideline.

**{¶2}** Finding no merit to his appeal, we affirm.

Procedural History

**{¶3}** In February 2013, Norris was indicted on 12 counts of rape involving three children under the age of 13 years old in violation of R.C. 2907.02(A)(1)(b), with a furthermore clause that he purposely compelled the victim to submit by force or threat of force attached to each count, as well as a sexually violent predator specification attached to each count. The indictment alleged that the offenses occurred between June 2002 and December 2006.

**{¶4}** In October 2013, Norris pleaded guilty to six counts of rape, with each count amended to delete the furthermore clause and the specification. Norris further agreed that the six counts of rape were not allied offenses of similar import. The remaining counts were nolled.

**{¶5}** The trial court sentenced Norris to 30 years in prison — five years on each count to be served consecutive to each other. The trial court further notified Norris that

he would be subject to five years of postrelease control upon his release from prison, and that he would be classified as a Tier III sex offender. It is from this judgment that Norris appeals.

## Standard of Review

**{¶6}** R.C. 2953.08(G)(2) provides that our review of felony sentences is not an abuse of discretion. An appellate court must "review the record, including the findings underlying the sentence or modification given by the sentencing court." *Id.* If an appellate court clearly and convincingly finds either that (1) "the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)]" or (2) "the sentence is otherwise contrary to law," then "the appellate court may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing." *Id.*

## Consecutive Sentences

**{¶7}** In his first assignment of error, Norris argues that although the court made a finding under R.C. 2929.14(C)(4)(b) — one of the three findings that it was required to make before imposing consecutive sentences — the record does not "clearly and convincingly" support the trial court's finding under this subsection. Specifically, Norris maintains that the state failed to present any evidence "to substantiate the assertion that the harm was so great or unusual in this case." We disagree.

**{¶8}** R.C. 2929.14(C)(4)(b) provides that

> [a]t least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the

multiple offenses so committed was so great or unusual that no single prison term * * * adequately reflects the seriousness of the offender's conduct.

{¶9}   According to the record in this case, the trial court knew that Norris raped two young boys and one young girl over a period of four years.  A police summary of Norris's statement is in the record (attached to the state's response to Norris's discovery request), where Norris admitted to forcing these three young children to perform sexual acts on him and admitting that he performed sexual acts on them over a period of many years.   Further, the trial court had before it a sanity evaluation, where Norris reported in detail what he did sexually to these children, beginning when they were very young and continuing for several years.

{¶10} The state pointed out for the record that the two young boy victims were seven years old when the abuse began and eleven years old when it stopped; one boy was Norris's nephew and one was a family friend.   The young female victim, who was Norris's niece, was under eight years old when the offenses occurred (according to the indictment, she was born in December 1998 and the offenses occurred between June 2002 and December 2006).   The state asserted that the damage that had been done to these young people was "incalculable."

{¶11} When sentencing Norris, the trial court noted the victims' ages over the four-year period when the abuse occurred.   In finding that R.C. 2929.14(C)(4)(b) applied, the court noted that these "three young lives [were] traumatized as a result of this defendant's conduct."

**{¶12}** After review, we cannot say that the record does not clearly and convincingly support the trial court's finding under R.C. 2929.14(C)(4)(b).

**{¶13}** The cases cited by Norris simply do not support his arguments here. Just because victims or victims' representatives sometimes place statements on the record at a defendant's sentencing hearing — regarding how much harm they or the victim suffered — does not mean that they have to.

**{¶14}** Accordingly, Norris's first assignment of error is overruled.

### R.C. 2929.11 and 2929.12

**{¶15}** In his second assignment of error, Norris argues that the trial court failed to appropriately assess the seriousness and recidivism factors necessary for the purposes and principles of sentencing.

**{¶16}** The court's only other guide in this case was the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12. R.C. 2929.11(A) provides that

> The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.

**{¶17}** Under R.C. 2929.12(A), trial courts must consider a nonexhaustive list of factors set forth in R.C. 2929.12(B), (C), (D), and (E), including the seriousness of the defendant's conduct, the likelihood of recidivism, and "any other factors that are relevant to achieving those purposes and principles of sentencing."

**{¶18}** There is still no "mandate," however, for the sentencing court to engage in any factual findings under R.C. 2929.11 or 2929.12. *State v. Jones*, 12th Dist. Butler No. CA2012-03-049, 2013-Ohio-150, ¶ 49, citing *State v. Rose*, 12th Dist. Butler No. CA2011-11-214, 2012-Ohio-5607, ¶ 78. Instead, the "trial court still has the discretion to determine whether the sentence satisfies the overriding purpose of Ohio's sentencing structure." *Jones* at ¶ 49. Further, this court "can presume from a silent record that the trial court considered the appropriate factors unless the defendant affirmatively shows that the court has failed to do so." *State v. Bohannon*, 1st Dist. Hamilton No. C-130014, 2013-Ohio-5101, ¶ 7; *State v. Parsons*, 3d Dist. Auglaize No. 2-10-27, 2011-Ohio-168, ¶ 15.

**{¶19}** After review, we find that although not required, the trial judge specifically stated on the record its consideration of the purposes and principles of felony sentencing set forth in R.C. 2929.11, as well as the seriousness and recidivism factors set forth in R.C. 2929.12.

**{¶20}** After noting the age of the victims when the offenses occurred, the trial court stated:

> Having those facts on the record and apply them to the factors under [R.C.] 2929.12(B), certainly the court can conclude and does conclude that the injury to these young victims is exacerbated by their very youth, being very young children at the time the defendant committed these acts upon them. There was no doubt that these three different victims suffered psychological harm as a result of the actions of the defendant; again noting, too, that the defendant's relationship with each of these victims facilitated the offenses committed upon them because again respectively these victims were a young family friend, nephew, and niece of the defendant so those factors certainly demonstrate to this court that the offender's conduct is more

serious.

{¶21} The trial court then considered whether any factors applied that would make Norris's conduct less serious, i.e., the factors under R.C. 2929.12(C), and found that there were no factors applicable under this section.

{¶22} The court then considered the recidivism factors under R.C. 2929.12(D) and (E). The court stated:

> [A]s [defense counsel] pointed out, the history of any criminal convictions are associated with drugs and don't involve any kind of offense of violence. But again looking at the seriousness of the offenses, certainly in this court's mind that outweighs any lack of prior incidents or felonies associated with this kind of conduct. I do believe that the defendant has shown remorse to the extent that he acknowledged from the beginning what had occurred, so that may work to indicate that he is in fact sorry, but that doesn't help the three — not one victim, not two victims, but three victims that are having to deal now with the — with what has been done to them by this defendant.

{¶23} Accordingly, we find that the trial court properly considered the factors set forth in R.C. 2929.11 and 2929.12 when sentencing Norris.

{¶24} Norris's second assignment of error is overruled.

{¶25} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

___
MARY J. BOYLE, ADMINISTRATIVE JUDGE

KENNETH A. ROCCO, J., and
EILEEN A. GALLAGHER, J., CONCUR