[Cite as *State v. Carrington*, 2014-Ohio-4575.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100918**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JERMONE CARRINGTON

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-576768-A

**BEFORE:** McCormack, J., Keough, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** October 16, 2014

**ATTORNEY FOR APPELLANT**

Allison S. Breneman
1220 West 6th Street
Suite 303
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Brett Hammond
Assistant County Prosecutor
9th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, J.:

{¶1} Defendant-appellant, Jermone J. Carrington, appeals the trial court's judgment that accepted his guilty plea to two counts of felonious assault with firearm specifications and sentenced Carrington to an aggregate prison term of 19 years. For the reasons that follow, we affirm.

## Procedural History

{¶2} Carrington was charged under an eight-count indictment that included two counts of attempted murder, four counts of felonious assault, one charge of domestic violence, and one charge of having weapons while under disability. Counts 1 through 6 included one- and three-year firearm specifications and Count 7 (domestic violence) included a furthermore clause that Carrington had previously been convicted of or pleaded guilty to three offenses of domestic violence.

**{¶3}** On October 21, 2013, pursuant to a plea agreement, Carrington pleaded guilty to two felonious assault charges contained in Counts 3 and 4, both of which contained one- and three-year firearm specifications. The state moved to delete the one-year firearm specifications, and Carrington pleaded guilty to the three-year firearm specifications on both counts. In exchange for the plea, the state nolled the remaining counts. During the plea hearing, the state argued that because the two counts of felonious assault involved two different victims, they were not allied offenses of similar import and would not merge. The state also noted that the firearm specifications of Counts 3 and 4 would merge. The state requested the imposition of consecutive sentences.

**{¶4}** The sentencing hearing was held on November 25, 2013. The trial court heard statements from Carrington, defense counsel, the state, and the victims. The court also considered the presentence investigation report ("PSI"). The court then sentenced Carrington to eight years incarceration on each felonious assault and three years on the firearm specification, merging the two specifications. The sentence was ordered to be served consecutively, for an aggregate 19 years.

### Assignments of Error

I. Appellant was denied effective assistance of counsel in violation of Amendments VI and XIV, [of the] United States Constitution, and Article I, Section 10, [of the] Ohio Constitution.

II. The trial court erred by imposing consecutive sentences.

### Ineffective Assistance of Counsel

**{¶5}** In his first assignment of error, Carrington contends that his trial counsel was ineffective. Specifically, he argues that his counsel failed to request a mental health evaluation and he was not provided all discovery when requested; therefore, his counsel failed to provide adequate representation.

**{¶6}** In order to establish a claim of ineffective assistance of counsel, Carrington must show that his trial counsel's performance was deficient in some aspect of his representation and that deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), *cert. denied*, 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 768 (1990). Under *Strickland*, our scrutiny of an attorney's representation must be highly deferential, and we must indulge "a strong presumption that counsel's conduct falls within the range of reasonable professional assistance." *Id.* at 688. In Ohio, every properly licensed attorney is presumed to be competent and, therefore, a defendant claiming ineffective assistance of counsel bears the burden of proof. *State v. Smith*, 17 Ohio St.3d 98, 100, 477 N.E.2d 1128 (1985).

**{¶7}** In proving ineffective assistance in the context of a guilty plea, Carrington must demonstrate that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and he would have insisted on going to trial. *State v. Wright*, 8th Dist. Cuyahoga No. 98345, 2013-Ohio-936, ¶ 12. As this court has previously recognized:

[W]hen a defendant enters a guilty plea as part of a plea bargain, he waives all appealable errors that may have occurred at trial, unless such errors are shown to have precluded the defendant from entering a knowing and voluntary plea. *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991). "A failure by counsel to provide advice [which impairs the knowing and voluntary nature of the plea] may form the basis of a claim of ineffective assistance of counsel, but absent such a claim it cannot serve as the predicate for setting aside a valid plea." *United States v. Broce*, 488 U.S. 563, 574, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989). Accordingly, a guilty plea waives the right to claim that the accused was prejudiced by constitutionally ineffective counsel, except to the extent the defects complained of caused the plea to be less than knowing and voluntary. *State v. Barnett*, 73 Ohio App.3d 244, 248, 596 N.E.2d 1101 (2d Dist.1991).

*State v. Milczewski*, 8th Dist. Cuyahoga No. 97138, 2012-Ohio-1743, ¶ 5 (finding that even if counsel was deficient for failing to request a competency evaluation, defendant did not show that but for the error, he would not have pleaded guilty).

{¶8} Crim.R. 11(C) governs the process by which a trial court must inform a defendant of certain constitutional and nonconstitutional rights before accepting a felony plea of guilty or no contest. The underlying purpose of Crim.R. 11(C) is to convey certain information to a defendant so that he or she can make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Schmick*, 8th Dist. Cuyahoga No. 95210, 2011-Ohio-2263, ¶ 5.

{¶9} To ensure that a defendant enters a plea knowingly, voluntarily, and intelligently, a trial court must engage in an oral dialogue with the defendant in accordance with Crim.R. 11(C)(2). *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). Crim.R. 11(C)(2) requires that a trial court determine from a colloquy with the defendant whether the defendant understands (1) the nature of the charge and maximum penalty, (2) the effect of the guilty plea, and (3) the constitutional rights waived by a guilty plea.

{¶10} Here, Carrington claims that his depression prevented him from acting in a voluntary manner during his plea and his counsel's failure to request a mental health evaluation resulted in ineffective assistance. He also claims that his failure to receive discovery information prevented him from making an intelligent decision. We find that the record in this case does not support Carrington's claim.

{¶11} At the plea hearing, the trial court fully complied with Crim.R. 11. Prior to accepting Carrington's guilty plea, the trial court held a hearing and engaged in a colloquy regarding Carrington's understanding of the nature of the charges, the potential penalties, the consequences of the plea agreement, and his constitutional rights.

**{¶12}** The court inquired of Carrington's education, and Carrington informed the court that he had a GED, an associate's degree in applied science, and a recently obtained automotive technician diploma. The trial court ensured that Carrington was not under the influence of alcohol or drugs at the time of the plea hearing. In response to the court's inquiry regarding medication, Carrington informed the court that he took medication for high blood pressure as well as medication for depression. The court asked Carrington, "[I]s that medication helping you?" Carrington replied, "Not really." The court then specifically inquired of Carrington whether his depression, and the fact that the medication does not seem to be helping him, was "having any impact on [his] ability to enter this plea knowingly, voluntarily, and intelligently." Carrington replied, "No, ma'am, your honor." When the trial court asked Carrington if he was "thinking clearly here today," he said, "Yes, ma'am, your honor."

**{¶13}** The court also ensured that Carrington had not been promised anything in exchange for his plea, his plea was voluntary, and he was satisfied with his counsel's representation. With respect to representation, the court specifically inquired whether Carrington had enough time with his attorney and whether he was satisfied with the representation, to which Carrington replied in the affirmative to both questions.

{¶14} The court then advised Carrington of the charges, including the maximum possible penalty of each offense to which he pleaded guilty. The court also advised Carrington that the state's position was that the offenses were not allied offenses, there is a possibility of consecutive sentences, and that if he pleaded guilty to the firearm specification, that sentence would be run consecutively to the underlying felonious assault charges. Carrington indicated that he understood the court's explanation.

{¶15} Thereafter, the trial court advised Carrington of his constitutional rights, including the right to representation, a jury trial, the state proving its case beyond a reasonable doubt, confrontation, compulsory process, and the right to remain silent. Finally, the court advised Carrington that a plea of guilty would constitute a complete admission of the truth of the charges and that by pleading guilty, he waived the rights as explained to him. Carrington answered that he understood the court's advisement. The court then found that Carrington made a knowing, intelligent, and voluntary decision to plead. And the record as reflected above supports the trial court's finding.

**{¶16}** Carrington failed to provide any evidence in the record demonstrating that a mental health evaluation was warranted. Although the trial court acknowledged at the plea hearing that Carrington was on medication for depression, there is no evidence in the record that he displayed any type of behavior that would alert trial counsel to request a mental health evaluation. Nor is there any evidence of confusion or hesitation. Moreover, the trial court discussed Carrington's medications with him, and Carrington assured the court that his depression, and the fact that his medication did not seem to help him, did not affect his ability to think clearly during the plea and did not have any impact on his ability to enter his plea knowingly, voluntarily, and intelligently. *See State v. Hartman*, 8th Dist. Cuyahoga No. 91611, 2009-Ohio-2876.

**{¶17}** Likewise, Carrington has failed to provide evidence in the record that counsel did not provide all discovery information when requested, such as witness statements, or how the alleged lack of information resulted in his plea being less than knowing and voluntary. He has therefore failed to show how his alleged failure to receive the discovery information has prejudiced him.

**{¶18}** Based upon the above, we find that Carrington failed to demonstrate that counsel's failure to obtain a mental health evaluation, as well as counsel's alleged failure to provide Carrington with certain discovery information, caused his plea to be less than knowingly, voluntarily, and intelligently made. Carrington has therefore not shown that counsel was deficient and that but for this deficiency, he would not have pleaded guilty.

**{¶19}** Carrington's first assignment of error is overruled.

## Sentence

{¶20} In his second assignment of error, Carrington claims that the trial court erred by imposing consecutive sentences. Specifically, he argues that the imposition of consecutive sentences was contrary to the felony sentencing guidelines because the court did not give consideration to each relevant sentencing factor; rather, it merely listed each factor.

{¶21} R.C. 2953.08 provides the grounds for an appeal by a defendant who is convicted of or pleads guilty to a felony. We review consecutive sentences using the standard of review provided in this statute. *State v. Wells*, 8th Dist. Cuyahoga Nos. 99305, 99306, and 99307, 2013-Ohio-3809, ¶ 11.

{¶22} Under R.C. 2953.08(A)(4), a criminal defendant may appeal his sentence if it is contrary to law. There are two bases under this section upon which a defendant may claim that a sentence is contrary to law. *State v. Bonds*, 8th Dist. Cuyahoga No. 100481, 2014-Ohio-2766; *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 13. First, a sentence is contrary to law if it falls outside the statutory range for the particular degree of offense. *See State v. Holmes*, 8th Dist. Cuyahoga No. 99783, 2014-Ohio-603, ¶ 10. Second, a sentence is contrary to law if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12. *State v. Hodges*, 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025, ¶ 7. The trial court "has the full discretion to impose any term of imprisonment within the statutory range, but it must consider the sentencing purposes in R.C. 2929.11 and the guidelines contained in R.C. 2929.12." *Id.*

{¶23} In *State v. Long*, 138 Ohio St.3d 478, 2014-Ohio-849, 8 N.E.3d 890, ¶ 17-18, the Supreme Court of Ohio explained these two statutes as follows:

> In Ohio, two statutory sections serve as a general guide for every sentencing. First, R.C. 2929.11(A) provides that the overriding purposes of felony sentencing "are to protect the public from future crime by the offender and others and to punish the offender." To achieve these purposes, the trial court "shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution." *Id.* The sentence must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B). * * *

Second, R.C. 2929.12 specifically provides that in exercising its discretion, a trial court must consider certain factors that make the offense more or less serious and that indicate whether the offender is more or less likely to commit future offenses. * * * R.C. 2929.12(C) and (E) also permit a trial court to consider "any other relevant factors" to determine that an offense is less serious or that an offender is less likely to recidivate. * * *

{¶24} This court has held that a trial court "fulfills its duty under the statutes by indicating that it has considered the relevant sentencing factors." *Smith* at ¶ 14, citing *State v. Saunders*, 8th Dist. Cuyahoga No. 98379, 2013-Ohio-490, ¶ 4. The trial court "need not go through each factor on the record — it is sufficient that the court acknowledges that it has complied with its statutory duty to consider the factors without further elaboration." *Id.*, citing *State v. Pickens*, 8th Dist. Cuyahoga No. 89658, 2008-Ohio-1407, ¶ 6. In fact, consideration of the appropriate factors set forth in R.C. 2929.11 and 2929.12 can be presumed unless the defendant affirmatively shows to the contrary. *State v. Jones*, 8th Dist. Cuyahoga No. 99759, 2014-Ohio-29, ¶ 13; *State v. Clayton*, 8th Dist. Cuyahoga No. 99700, 2014-Ohio-112, ¶ 7 (Where a criminal sentence is within the statutory limits, an appellate court should accord the trial court the presumption that it considered the statutory mitigating criteria in the absence of an affirmative showing that it failed to do so.).

**{¶25}** Here, Carrington's sentence was eight years incarceration for each felonious assault charge. The sentence was within the statutory range for a felony of the second degree. His sentence is therefore not contrary to law with respect to the length of the prison term imposed.

**{¶26}** To the extent Carrington argues that the trial court did not consider the sentencing purposes stated in R.C. 2929.11 and the guidelines contained in R.C. 2929.12, this argument must fail. Carrington's sentence was within the statutory limits, and Carrington has not affirmatively demonstrated that the trial court failed to consider the relevant sentencing criteria. Moreover, the trial court's journal entry states that "[t]he court considered all required factors of the law. The court finds that prison is consistent with the purpose of R.C. 2929.11." Thus, the court's obligations under R.C. 2929.11 and 2929.12 were satisfied and the sentence cannot be considered contrary to law. *State v. Akins*, 8th Dist. Cuyahoga No. 99478, 2013-Ohio-5023, ¶ 17, citing *State v. Kamleh*, 8th Dist. Cuyahoga No. 97092, 2012-Ohio-2061, ¶ 61.

**{¶27}** Carrington's contention that the court failed to give appropriate consideration to each sentencing factor as it applied to him essentially questions how the trial court weighed each factor against him. The weight that a sentencing court gives to a particular factor, however, is entirely within that court's discretion in fashioning a sentence. *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000). And we do not review a sentence that falls within the statutory range for an abuse of the court's discretion. *Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, at ¶ 17; *Akins* at ¶ 15; R.C. 2953.08(G)(2). We therefore have no authority to review whether the trial court abused its discretion when it has applied the felony sentencing criteria outlined in R.C. 2929.11 and 2929.12. *Smith*.

**{¶28}** To the extent Carrington argues that the trial court did not make the requisite consecutive sentence findings under R.C. 2929.14(C)(4), this argument also fails.

**{¶29}** Under R.C. 2953.08, an appellate court may overturn the imposition of consecutive sentences where (1) the appellate court, upon its review, clearly and convincingly finds that "the record does not support the sentencing court's findings" under R.C. 2929.14(C)(4), or (2) the sentence is "otherwise contrary to law." R.C. 2953.08(G)(2)(a)-(b).

**{¶30}** R.C. 2929.14(C)(4) states:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶31} The presumption in Ohio is that sentencing is to run concurrent, unless the trial court makes the R.C. 2929.14(C)(4) findings for consecutive sentences. *State v. Evans*, 8th Dist. Cuyahoga No. 100151, 2014-Ohio-3584, ¶ 25, citing *State v. Wells*, 8th Dist. Cuyahoga No. 98428, 2013-Ohio-1179, ¶ 11; R.C. 2929.41(A).

{¶32} Compliance with R.C. 2929.14(C)(4) requires the trial court to make the statutory findings at the sentencing hearing, "and by doing so it affords notice to the offender and to defense counsel." *State v. Bonnell*, Slip Opinion No. 2014-Ohio-3177, ¶ 29. "Findings," for these purposes, means that "'the [trial] court must note that it engaged in the analysis' and that it 'has considered the statutory criteria and specifie[d] which of the given bases warrants its decision.'" *Id.* at ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999). The failure to make consecutive sentence findings is contrary to law. *See State v. Jones*, 93 Ohio St.3d 391, 399, 754 N.E.2d 1252 (2001).

{¶33} At the sentencing hearing in this case, the court heard statements from Carrington and defense counsel, and it considered the PSI. The court noted that Carrington has been convicted ten times, beginning as a juvenile, stating, "Even as a juvenile he was beating people up * * * He ain't never missed a beat * * * [H]e always has something going. He doesn't miss years, * * * he has regular contact with us." In reiterating the facts of this case, the court noted that Carrington "shot the wife, the girlfriend, and then * * * he chased the son down the street shooting at him. And shot him. He chased him down in the ground."

**{¶34}** The court also heard from the prosecutor and the victims. The victims stated that they trusted Carrington and he was "a father figure." The prosecutor noted the seriousness of the victims' injuries, stating "it was a very gruesome scene" and it was surprising that the son had survived such an injury. He advised the court that the mother was shot in the head and it was "fortunate that [the] bullet didn't penetrate her skull."

**{¶35}** Thereafter, the trial court made separate and distinct findings under R.C. 2929.14(C)(4), stating as follows:

> The court does find that consecutive sentences are necessary to protect the public from future crimes. And in support of that, the court does find that this is your tenth violation for either domestic violence or felonious assault.
>
> That consecutive sentences are necessary to punish the offender. The court does find that although you have been punished previously for acts of violence against other human beings, that it has not deterred you from committing further acts.
>
> That consecutive sentences are not disproportionate to the seriousness of your conduct. And that consecutive sentences are not disproportionate to the danger that you pose to the public. The court finds that you pose [a] danger because you continue to engage in the same conduct where you cause harm to other human beings.
>
> The court further finds that your history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes by you.

**{¶36}** The court went on to state that although it had not addressed Carrington's "other convictions," it noted that Carrington has "numerous other convictions and yards and yards and pages and pages of other convictions for acts which would not be considered directly in the same category as this [case], but some of them are just as dastardly."

**{¶37}** In light of the above, we find that the trial court satisfied the requirements of R.C. 2929.14(C)(4), and the record supports its findings. Carrington's consecutive sentence is therefore not contrary to law. His second assignment of error is overruled.

**{¶38}** However, the trial court must incorporate the findings to impose consecutive sentences into its sentencing entry. *Bonnell*, Slip Opinion No. 2014-Ohio-3177, at ¶ 29. The failure to include the findings is a "clerical mistake" and does not render the sentence contrary to law. *Id.* at ¶ 30, citing *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 15. The omission may therefore be corrected through a nunc pro tunc entry "to reflect what actually occurred in open court." *Id.*

**{¶39}** The trial court's sentencing entry in this case does not include the consecutive sentence findings. Therefore, in accordance with *Bonnell*, we remand to the trial court for the limited purpose of incorporating the consecutive sentence findings made at sentencing into the court's entry.

**{¶40}** Judgment affirmed, and case remanded.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
EILEEN T. GALLAGHER, J., CONCUR