[Cite as *State v. Harris*, 2016-Ohio-4566.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 103526

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**TABITHA HARRIS**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-590377-A

**BEFORE:** Boyle, P.J., S. Gallagher, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** June 23, 2016

**ATTORNEY FOR APPELLANT**

Rick L. Ferrara
2077 East 4th Street
Second Floor
Cleveland, Ohio   44114


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Mahmoud S. Awadallah
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, P.J.:

{¶1}    Defendant-appellant, Tabitha Harris, appeals her sentence, raising the following single assignment of error:

> The trial court acted contrary to law in sentencing appellant to a lengthy term in prison despite factors mitigating her conduct, nearly constituting a defense, her extremely limited criminal history, her mental health history, and her extraordinary family history.

{¶2}    Finding no merit to the appeal, we affirm.

## A.    Procedural History and Facts

{¶3}    In November 2014, Harris was indicted, along with two codefendants, on several counts, including rape, aggravated burglary, aggravated robbery, kidnapping, and gross sexual imposition, with the counts carrying one- and three-year firearm specifications.   The rape count also carried a sexually violent predator specification, and the kidnapping counts carried a sexual motivation specification.

{¶4}    The facts giving rise to the indictment involved Harris and the two codefendants visiting the victim Jane Doe, who Harris was dating.   Once invited inside Doe's apartment, one of the codefendants pulled out a gun and made Doe and her friend (a male victim) strip their clothes and perform sexual acts on one another.   The codefendants ultimately forced Doe to perform oral sex on them at gunpoint.   Harris stood in the doorway of the bedroom watching and then returned to ransack the apartment.   Before fleeing the apartment, the defendants threatened that they would kill the victims if they reported the incident to the police.

{¶5}    In April 2015, pursuant to a plea agreement, Harris ultimately withdrew her not guilty plea and pleaded guilty to an amended indictment on the following two charges: an amended Count 3, burglary in violation of R.C. 2911.12(A)(1) (felony of the second degree), and

Count 5, aggravated robbery in violation of R.C. 2911.01(A)(1) (felony of the first degree). The remaining counts and specifications were nolled. The trial court accepted Harris's guilty plea and referred Harris for a presentence investigation ("PSI") by the probation department and a mitigation of penalty report by the court psychiatric clinic.

{¶6} At sentencing, the prosecutor addressed the court and urged the trial court to impose a prison term. According to the state, Harris was the mastermind behind targeting and robbing the victims. And while Harris may not have intended for the codefendants to commit the sexual acts against Doe and the other victim, Harris set all of the offenses in motion by bringing the two codefendants over to Doe's apartment. One codefendant, who already pleaded guilty, proffered that Harris came up with the idea to rob the victims. According to the codefendant, Harris stated that the victims had a lot of items in the apartment and that "it was a sweet lick."

{¶7} Defense counsel addressed the court and denied that Harris had plotted to rob Doe. Instead, Harris's counsel indicated that Harris's role in the criminal activity was a "spontaneous action" once inside the apartment and after one of the codefendants pulled out a gun. Defense counsel further explained that Harris was "high on K2," which contributed to her faulty judgment to participate in the burglary and robbery. Defense counsel then detailed Harris's extremely difficult upbringing, her mental health diagnoses, her recent efforts to tackle her substance abuse issues, and her lack of a criminal record — all as factors for placement in a community-based correctional facility instead of prison.

{¶8} The trial court ultimately imposed six years in prison on each count, to run concurrently.

### B. Sentence

{¶9} In her sole assignment of error, Harris argues that the trial court acted contrary to law in imposing a six-year prison term because the trial court failed to consider the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors listed in R.C. 2929.12. Specifically, Harris contends that the trial court did not properly consider her mitigating factors — such as her "terrible" childhood, her lack of any criminal record, her diagnosis of bipolar with depressive disorders, or her relatively limited role in the offenses. We disagree.

{¶10} R.C. 2953.08(G)(2) states that when reviewing prison sentences, "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." Instead, the statute permits the appellate court to "'increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing'" if we determine that "'the record clearly and convincingly * * * does not support the sentencing court's findings under [various provisions]; [or] [t]hat the sentence is otherwise contrary to law.'" *State v. Bement*, 8th Dist. Cuyahoga No. 99914, 2013-Ohio-5437, ¶ 13, quoting R.C. 2953.08(G)(2).

{¶11} The trial court has the full discretion to impose any term of imprisonment within the statutory range, but it must consider the sentencing purposes in R.C. 2929.11 and the guidelines contained in R.C. 2929.12. *State v. Holmes*, 8th Dist. Cuyahoga No. 99783, 2014-Ohio-603, ¶ 8. Indeed,

> [a] sentence is not clearly and convincingly contrary to law "where the trial court considers the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly applies post-release control, and sentences a defendant within the permissible statutory range."

*State v. Simmons*, 8th Dist. Cuyahoga No. 103538, 2016-Ohio-2644, ¶ 5, quoting *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 10.

**{¶12}** In this case, Harris is not challenging the imposition of postrelease control.   Nor is there any question that the trial court imposed a prison sentence within the statutory range for a first- and second-degree felony.   The only issue is whether the trial court properly considered the felony sentencing guidelines, including her mitigation evidence.

**{¶13}** R.C. 2929.11(A) provides that the "overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes."   R.C. 2929.11(B) requires that, in addition to achieving these goals, a sentence must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim."

**{¶14}** Under R.C. 2929.12(A), trial courts must consider a nonexhaustive list of factors set forth in R.C. 2929.12(B), (C), (D), and (E), including the seriousness of the defendant's conduct, the likelihood of recidivism, and "any other factors that are relevant to achieving those purposes and principles of sentencing."

**{¶15}** The record overwhelmingly establishes that the trial court properly considered the factors set forth in R.C. 2929.11 and 2929.12.   First, "[a]lthough there is a mandatory duty to 'consider' the statutory factors, the trial court is not required to explain its analysis of those factors in a given case."   *State v. Wright*, 8th Dist. Cuyahoga No. 100283, 2014-Ohio-3321, ¶ 10; *see also State v. Norris*, 8th Dist. Cuyahoga No. 100640, 2014-Ohio-3590, ¶ 18 ("There is still no 'mandate,' however for the sentencing court to engage in any factual findings under R.C. 2929.11 or 2929.12.").   Prior to imposing any sentence, the trial court expressly stated that it had reviewed both the PSI as well as the mitigation of penalty report.   The trial court then heard

from both the prosecutor and the defense counsel, who respectively detailed the factors that supported their position. It is clear from the record that the trial court considered R.C. 2929.11 and 2929.12 prior to imposing the sentence. Further, the trial court expressly stated as much in the sentencing journal entry.

{¶16} Further, although not required, the trial court even stated on the record its reasoning for imposing a six-year prison term on each count, noting the following:

> Your conduct in this case is such that it convinces me that you were a participant, the acts that took place inside of this residential area involving these two victims, while not necessarily your particular doing, but it's clear that the aggravated robbery and the burglary are appropriate sentences that you pled guilty to, and there is sufficient conduct that supports that, and the nature of the event that took place, and the harm to these victims took place as a result of the conduct of others with whom you associated.

> I think that you knew that they were gang members, and when you associate with people in that regard, you run the risk of being involved to a point where you don't think is — involved to a point that you can't separate yourself from their conduct. I don't think that you tried to separate yourself. You may have felt threatened to do so, but if you were threatened in that situation, clearly the victims were threatened, and you enabled that situation to develop and be what it is or what it was.

> So I think six years on the balance is an appropriate sentence, factoring in the seriousness of these charges, giving you some benefit for the less serious conduct involved, and also looking at your history which is not supportive of your conduct in this situation.

> You've had minor issues with regard to the criminal justice system. And this situation is clearly out of character to your past, but I suspect it's related directly to your drug and alcohol issues that are documented in all of the papers here today, and I think was a contributing factor as you've acknowledged that you were smoking K2 at the time, either prior to or at that time.

{¶17} To the extent that Harris argues that the trial court failed to afford her stated mitigating factors more weight, the trial court has the discretion to determine the weight to assign a particular statutory factor. As this court has previously explained,

The weight that a sentencing court gives to a particular factor, however, is entirely within that court's discretion in fashioning a sentence. *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000). And we do not review a sentence that falls within the statutory range for an abuse of the court's discretion. [*State v.*] *Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, at ¶ 17; [*State v.*] *Akins* [8th Dist. Cuyahoga No. 99478, 2013-Ohio-5023] at ¶ 15; R.C. 2953.08(G)(2). We therefore have no authority to review whether the trial court abused its discretion when it has applied the felony sentencing criteria outlined in R.C. 2929.11 and 2929.12. *Smith*.

*State v. Carrington*, 8th Dist. Cuyahoga No. 100918, 2014-Ohio-4575, ¶ 27.

{¶18} Thus, given that the trial court properly considered the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the relevant seriousness and recidivism factors listed in R.C. 2929.12, we find no merit to Harris's single assignment of error and overrule it.

{¶19} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.   The defendant's conviction having been affirmed, any bail pending appeal is terminated.   Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
PATRICIA ANN BLACKMON, J., CONCUR