[Cite as *State v. Akins*, 2013-Ohio-5023.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 99478**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JERMAINE L. AKINS

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-562034, CR-562934, and CR-563681

**BEFORE:** Stewart, A.J., Keough, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** November 14, 2013

**ATTORNEY FOR APPELLANT**

Jonathan N. Garver
The Brownhoist Building
4403 St. Clair Avenue
Cleveland, OH   44103


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:   Jeffrey S. Schnatter
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 9th Floor
Cleveland, OH   44113

MELODY J. STEWART, A.J.:

{¶1} Defendant-appellant Jermaine Akins pleaded guilty in three separate cases to attempted rape, robbery, and failure to provide notice of a change of address. The court sentenced him to seven years on the attempted rape count, 12 months on the robbery count, and six months on the notice of change of address count. All counts were ordered to be served concurrently. In this appeal, Akins complains that (1) defense counsel's failure to attend a scheduled sentencing amounted to ineffective assistance of counsel; (2) the state engaged in misconduct during sentencing; and (3) the sentence imposed by the court was an abuse of discretion because it failed to consider mitigating factors. We find no error and affirm.

I

{¶2} After taking Akins's guilty plea, the court referred him to the psychiatric clinic for an evaluation. It set the matter for sentencing, but then twice rescheduled because of its own scheduling conflicts. When the court convened for sentencing on December 3, 2012, defense counsel did not appear. The court expressed its displeasure at counsel's unexcused failure to appear, saying that it would reschedule the case at the state's convenience, without regard for defense counsel's schedule because defense counsel "loses the moral authority to insist upon a date that is acceptable to him, by not offering the Court and his opposing counsel the courtesy of either appearing on time, or satisfactorily explaining his nonappearance." Akins now argues that defense counsel's

failure to attend the December 3, 2012 sentencing compromised his ability to represent Akins and made it likely that the court imposed a more severe penalty.

{¶3} A claim of ineffective assistance of counsel requires a defendant to show that (1) the performance of defense counsel was seriously flawed and deficient and (2) the result of the defendant's trial or legal proceeding would have been different had defense counsel provided proper representation. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶4} Akins cannot meet the second prong of the *Strickland* test because he makes no showing that his sentence would have been otherwise had defense counsel not missed the December 3, 2012 sentencing. It is true that the court was displeased that defense counsel inexplicably failed to appear at the sentencing, but the only repercussion from that absence was the court saying it would reset sentencing with no regard for defense counsel's schedule. The court even appeared to back off that slap on the wrist — a journal entry issued by the court following its on-the-record remarks states that sentencing was rescheduled for December 6, 2012, "at the request of defendant." The court's chiding of defense counsel had no effect whatsoever on the length of Akins's sentence. In addition, the court made no mention of defense counsel's failure to appear at the December 3, 2012 sentencing when it finally did impose sentence. And nothing it said during sentencing gave any basis for concluding that defense counsel's conduct caused the court to impose a lengthier sentence on Akins. By failing to establish the second prong of the *Strickland* test, Akins's ineffective assistance of counsel claim fails.

{¶5} During sentencing, the state argued for a severe sentence based not only on Akins's lengthy criminal history, but because the victim of the attempted rape was only six weeks past her thirteenth birthday. The assistant prosecuting attorney told the court that "[i]f it was 6 weeks and 1 day earlier, this would have been a case where Mr. Akins was exposed to a potential life sentence." Akins claims that the state's argument was improper because he pleaded guilty to attempted rape and was ineligible to be sentenced as a first- degree felon for the charge and the victim was more than six weeks past her thirteenth birthday.

{¶6} A defendant who alleges prosecutorial misconduct must show that the prosecutor's remarks were improper and that the remarks prejudicially affected his substantial rights. *State v. Lynch*, 98 Ohio St.3d 514, 2003-Ohio-2284, 787 N.E.2d 1185, ¶ 145. The fairness of trial, not the culpability of the prosecutor, is the "touchstone" of our analysis. *Id*.

{¶7} The state's remarks regarding the victim's age and the possible penalty that would be imposed had she been younger were not prejudicial because the court expressly ignored those remarks. After defense counsel objected to the state's recitation of facts, the court stated that "I think the information that [the assistant prosecuting attorney] is trying to convey is that based on his knowledge of the evidence it would be very difficult to conclude that Mr. Akins was mistaken about the victim's identity." Tr. 34. The court went on to say that "I think a summary of the proposed evidence is not unwarranted in a

circumstance like this, *keeping in mind obviously, * * * that Mr. Akins did not admit to a rape, he admitted to an attempted rape.*"   (Emphasis added.)   *Id.* at 35.

{¶8} The record leaves no doubt that the state did not persuade the court to sentence Akins as though he committed a rape and not an attempted rape.   The court was well-aware that Akins pleaded guilty to attempted rape and cautioned the state on that point.   By so cautioning the state, there is no basis for concluding that the state's comment caused the court to impose a longer sentence.

{¶9} We likewise find nothing impermissible with the state's characterization of the victim's age.   Even if the state did misstate the victim's age by a few days (and there is no proof of that in the record), its broader point in mentioning the victim's age was to highlight the seriousness of Akins's actions given the victim's age.   The 33-year-old Akins apparently considered the 13-year-old victim to be his girlfriend and that they were engaging in consensual sexual conduct.   The victim's age — whether 13 years and six days or 13 years and 364 days — was a relevant factor for the court to consider when determining the seriousness of Akins's conduct and was thus a permissible consideration under the catchall provision of R.C. 2929.12(B).

III

{¶10} Finally, Akins argues that the court abused its discretion by imposing a collective seven-year sentence because it failed to give sufficient consideration to mitigating circumstances set forth in a report prepared by the court's psychiatric clinic.

We have no authority, however, to review a claim that the court abused its discretion when imposing a criminal sentence.

{¶11} "[T]here is no constitutional right to an appellate review of a criminal sentence." *State v. Smith*, 80 Ohio St.3d 89, 97, 1997-Ohio-355, 684 N.E.2d 668 (1997), citing *Estelle v. Dorrough*, 420 U.S. 534, 536, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975). What is more, there is "no right to object to a particular result of the sentencing process." *Gardner v. Florida*, 430 U.S. 349, 358, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977), citing *Witherspoon v. Illinois*, 391 U.S. 510, 521-523, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968). If a sentence is within the statutory limits, the severity of the sentence is not a basis for seeking relief on direct appeal. *Townsend v. Burke*, 334 U.S. 736, 741, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948).

{¶12} With there being no constitutional right to appeal the length of a sentence that is within the statutory range, the only right to appeal is the one provided by statute. In its present incarnation, R.C. 2953.08(A) sets forth various grounds for appealing a criminal sentence as a matter of right. As applicable here, the only viable ground for Akins's appeal is R.C. 2953.08(A)(4), which allows an appeal of right if "[t]he sentence is contrary to law."

{¶13} The phrase "contrary to law" is not defined in R.C. 2953.08, but in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, the Ohio Supreme Court stated that a sentence "outside the permissible statutory range * * * is clearly and convincingly contrary to law." *Id*. at ¶ 15. Although we have found that the two-part

sentencing analysis set forth in *Kalish* is no longer viable after the enactment of H.B. 86, *see State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, ¶ 10, that portion of the opinion addressing the concept of "contrary to law" is a persuasive interpretation of the statutory term.

**{¶14}** In addition to sentences that are outside the statutory limits and thus illegal, we agree that a sentencing court's failure to perform a mandated action or make required findings would likewise be contrary to law. *See, e.g., State v. Jones*, 93 Ohio St.3d 391, 399, 754 N.E.2d 1252 (2001) (agreeing that trial judge's failure to make the findings on the record required by R.C. 2929.19(B)(2)(c) is "contrary to law.")

**{¶15}** While appellate courts have the authority to review whether sentences are contrary to law, they have no authority to consider whether a sentence falling within the statutory limits constitutes an abuse of discretion. The recent amendments to R.C. 2953.08(G)(2) make it clear that "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." In *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, we held that the standard of review in R.C. 2953.08(G)(2) applies for all sentencing. *Id.* at ¶ 7.

**{¶16}** We should be clear at this point that for sentencing purposes an "abuse of discretion" is different than an "error of law." In sentencing cases, appellate courts engage in error correction, but only to correct errors of law that affect substantial rights. *See* Crim.R. 52. The decision as how long a sentence should be — assuming it falls within a defined statutory range — is a pure exercise of discretion. Indeed, the Ohio

Supreme Court has held that "[t]rial courts have full discretion to impose a prison sentence within the statutory range * * *." *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus. What this precedent means is that apart from any claim that the sentencing judge failed to fulfill a statutorily-mandated obligation before imposing sentence, a sentence falling within the statutory range is unreviewable.

**{¶17}** Akins does not claim that his sentence is contrary to law, nor would that be a colorable argument on appeal. His sentences all fell within the statutory range for the applicable degree of felony and were thus presumptively valid. *See State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15. In addition, the court stated that it considered all relevant statutory factors. This was enough to fulfill the court's obligations under R.C. 2929.11 and 2929.12. *See State v. Kamleh*, 8th Dist. Cuyahoga No. 97092, 2012-Ohio-2061, ¶ 61.

**{¶18}** In summary, Akins argues that the length of his sentence resulted from the court's refusal to give more weight to factors in mitigation. R.C. 2953.08(A) gives us no authority to review this claim, so we overrule this assignment of error.

**{¶19}** Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's

conviction having been affirmed, any bail pending appeal is terminated.   Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____
MELODY J. STEWART, ADMINISTRATIVE JUDGE

KATHLEEN ANN KEOUGH, J., and
TIM McCORMACK, J., CONCUR