[Cite as *State v. Williams*, 2014-Ohio-1618.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 100042**

---

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# LOUIS WILLIAMS

DEFENDANT-APPELLANT

---

## JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-558420-A

**BEFORE:**    Jones, P.J., Rocco, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:**    April 17, 2014

**ATTORNEY FOR APPELLANT**

Eric M. Levy
55 Public Square
Suite 1600
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Sherrie S. Royster
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., P.J.:

{¶1} Defendant-appellant Louis Williams appeals his three-year sentence that was imposed after he pleaded guilty to one count of felonious assault.   We affirm.

I.   Procedural History and Facts

{¶2} In January 2012, Williams and his codefendant Bennie Brent were charged in connection with the shooting of Demarco Clayton.   Counts 1 and 2 charged aggravated robbery in violation of R.C. 2911.01(A)(1) and 2911.01(A)(3), respectively, and contained one- and three-year firearm specifications; and Counts 3 and 4 charged felonious assault in violation of R.C. 2903.11(A)(2) and 2903.11(A)(1), respectively, and contained one- and three-year firearm specifications.[1]

{¶3} In September 2012, Williams pleaded guilty to an amended Count 3, felonious assault, with the deletion of the firearm specifications.   The remaining counts and specifications were nolled.   The matter was referred to the probation department so that a presentence investigation report could be completed.

{¶4} The sentencing hearing was held in February 2013.   Defense counsel informed the court that Williams took responsibility for his actions.   Counsel also noted that the presentence investigation report revealed that Williams had a "minimal" criminal record consisting of one conviction each for forgery and misdemeanor assault.

{¶5} Williams's attorney further informed the court that the facts bore out that

[1] Count 5, having weapons while under disability, related only to Brent.

Williams did not have a gun during the incident and that the codefendant, Brent, was the "acknowledged shooter." The court took issue with that assessment, stating "[t]hat's not my understanding."

{¶6} Defense counsel informed the court of the following in support of his statement that Williams was not the shooter: (1) the presentence investigation report indicated that Demarco Clayton, the victim, said that Brent pointed the gun at him and he heard a shot; (2) there were references in discovery that Brent was the shooter; and (3) after the shooting Williams called for help for Clayton, as opposed to Brent, who fled the scene.

{¶7} In light of the above, defense counsel contended that Williams should not receive the same sentence as Brent.[2] Counsel noted that Williams had already served almost six months on the case, and requested that he be sentenced to community control sanctions.

{¶8} The state did not take a position on the sentence, but the assistant prosecuting attorney informed the court that in her discussions with Clayton, he told her that he felt that Williams was the one who had set the robbery up, and also that both Williams and Brent had guns and he did not know which one shot him.

---

[2]A search of the public online common pleas docket shows that Brent's case was assigned to the same judge as Williams's case. Brent's plea and sentencing hearing was the day before Williams's sentencing hearing. Brent pleaded guilty to an amended Count 3, felonious assault with a one-year firearm specification (the three-year specification was deleted) and Count 5, having weapons while under disability. The defense and the state agreed on a three-year sentence, which consisted of two years on the felonious assault, consecutive to one year on the firearm specification, concurrent to three years for having weapons while under disability.

{¶9} After the above statements were made by the assistant prosecuting attorney, the court asked the attorneys to approach to "refresh [his] memory." The sidebar discussion was not recorded.

{¶10} Immediately after the sidebar, the court sentenced Williams to a three-year prison term. The court informed him of postrelease control. In its sentencing journal entry, the trial court gave Williams 142 days credit for time served. The court also stated that it would consider judicial release after two years because of Williams's "lack of violent record and first time imprisonment."

{¶11} Williams now raises the following errors for our review:

[I.] The trial court erred and imposed a sentence clearly and convincingly contrary to law when it failed to properly consider and apply the principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12 prior to imposing an excessive sentence upon appellant.

[II.] Appellant was denied his Sixth Amendment right to counsel due to the ineffective assistance of trial counsel in failing to preserve issues resulting from a non-recorded sidebar for appeal.

[III.] Appellant was denied his Sixth Amendment right to counsel due to the ineffective assistance of trial counsel in failing to preserve the issue of sentencing disproportionality for appeal.

II.   Law and Analysis

{¶12} For his first assigned error, Williams contends that his three-year sentence is clearly and convincingly contrary to law because the trial court did not properly consider R.C. 2929.11 and 2929.12.

{¶13} In reviewing felony sentencing, we follow the standard set forth in R.C. 2953.08(G)(2), which provides in relevant part as follows:

The court hearing an appeal under division (A), (B), or (C) of this section

shall review the record, including the findings underlying the sentence or modification given by the sentencing court. * * *

The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

* * *

(b) That the sentence is otherwise contrary to law.

**{¶14}** In reviewing whether a felony sentence is clearly and convincingly otherwise contrary to law, we are constrained by the fact that the sentencing range is determined by the legislature and any sentence imposed within that range, after the sentencing court has considered all the sentencing factors, is presumptively valid. *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15, citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.

**{¶15}** A sentence, therefore, is not clearly and convincingly contrary to law where the trial court (1) considers the purposes and principles of sentencing under R.C. 2929.11, including consistency in sentencing; (2) considers the seriousness and recidivism factors under R.C. 2929.12; (3) properly applies postrelease control; and (4) sentences a defendant within the permissible statutory range. *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 10, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124.

**{¶16}** The trial court did not mention R.C. 2929.11 and 2929.12 on the record at the sentencing hearing. But the sentencing journal entry states that "[t]he court considered all required factors of the law. The court finds that prison is consistent with the purpose

of R.C. 2929.11." Williams contends that, based on the transcript of the sentencing hearing, "[i]t does not appear that the trial court gave any weight to the applicable sentencing factors * * *."

**{¶17}** This court has refused to find that a sentence is contrary to law when the sentence is in the permissible range and the court's journal entry states that it "considered all required factors of the law" and "finds that prison is consistent with the purposes of R.C. 2929.11." *State v. May*, 8th Dist. Cuyahoga No. 99064, 2013-Ohio-2697, ¶ 16, citing *State v. Turney*, 8th Dist. Cuyahoga No. 91555, 2009-Ohio-964, ¶ 9; *State v. Grant*, 8th Dist. Cuyahoga No. 94101, 2010-Ohio-5241, ¶ 22. This is so because R.C. 2929.11 and 2929.12 do not require judicial fact-finding; rather, they direct trial courts to "consider" the factors. *May* at ¶ 15. Further, a court speaks through its journal entries. *Id.* at ¶ 16.

**{¶18}** Williams cites *State v. Brown*, 8th Dist. Cuyahoga No. 99024, 2013-Ohio-3134, for the proposition that it is not enough for the court's sentencing journal entry to state that the court considered the required factors, but the transcript must also reflect that the court considered them as well. *Brown* does not support that proposition. In *Brown*, this court found the following:

> The record in the present instance reflects that the trial court did, in fact, consider R.C. 2929.11 in sentencing appellant. The trial court's September 11, 2012 journal entry clearly indicates that the court considered "all required factors of law." Furthermore, the sentencing transcript reflects that the trial court specifically considered the principles and purposes of felony sentencing found in R.C. 2929.11. Appellant's argument that the trial court failed to consider R.C. 2929.11 is without merit.

*Id.* at ¶ 69.

{¶19} Thus, *Brown* did not hold that consideration of R.C. 2929.11 must appear in both the sentencing transcript and the sentencing journal entry. Rather, the fact that it did in that case merely buttressed this court's conclusion that the trial court had considered the factors.

{¶20} In light of the above, because Williams's sentence for felonious assault was within the statutory range, and because the court's journal entry stated it had considered the required statutory factors, the sentence was not clearly and convincingly contrary to law.

{¶21} Williams also contends within this assignment of error that his sentence was excessive. We disagree.

{¶22} The Eighth Amendment to the United States Constitution states that "excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." Section 9, Article I of the Ohio Constitution sets forth the same restriction: "Excessive bail shall not be required; nor excessive fines imposed; nor cruel and unusual punishments inflicted." The final clauses prohibit not only barbaric punishments, but also sentences that are disproportionate to the crime committed. *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983).

{¶23} "It is well established that sentences do not violate these constitutional provisions against cruel and unusual punishment unless the sentences are so grossly disproportionate to the offenses as to shock the sense of justice in the community." (Citations omitted.) *State v. Hamann*, 90 Ohio App.3d 654, 672, 630 N.E.2d 384 (8th Dist.1993).

**{¶24}** The Ohio Supreme Court has held that, "'[a]s a general rule, a sentence that falls within the terms of a valid statute cannot amount to a cruel and unusual punishment.'" *State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, 888 N.E.2d 1073, ¶ 21, quoting *McDougle v. Maxwell*, 1 Ohio St.2d 68, 69, 203 N.E.2d 334 (1964).

**{¶25}** The three-year sentence for felonious assault, a felony of the second degree, fell within the permissible statutory range. *See* R.C. 2929.14(A)(2). Further, the record demonstrates that Clayton, who was shot in the stomach, suffered serious physical harm. Thus, Williams's three-year sentence was not excessive.

**{¶26}** In light of the above, the first assignment of error is overruled.

**{¶27}** Williams contends in his second and third assignments of error, respectively, that his trial counsel was ineffective for failing to preserve the (1) issue that was the subject matter of the sidebar conference that occurred immediately prior to the court sentencing him, and (2) disproportionality of his sentence.

**{¶28}** We review alleged instances of ineffective assistance of trial counsel under the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by the Supreme Court of Ohio in *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). Pursuant to these cases, in order to reverse a conviction based on ineffective assistance of counsel, a defendant first "must show that counsel's representation fell below an objective standard of reasonableness." *Strickland* at 688.

**{¶29}** Second,

[t]he defendant must show that there is a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Id.* at 694. Furthermore,

[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

*Id.* at 689, quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955).

{¶30} In regard to trial counsel's failure to request that the sidebar conference be recorded, we follow the Second Appellate District's approach in *State v. Brewer*, 2d Dist. Greene No. 87-CA-67, 1988 Ohio App. LEXIS 3492 (Aug. 26, 1988):

Notwithstanding the several years that Crim.R. 22 has been on the books, sidebar conferences continue in large part to be unrecorded in criminal cases unless a request for recording is made by the court or by counsel for one or both parties. Brewer was represented by experienced counsel and we can infer from the lack of a request for recording that, in his estimation, recording of the sidebar conference for appellate purposes was unnecessary.

*Id.* at *53-*54.

{¶31} Williams was also represented by an experienced criminal defense attorney who advocated for the imposition of community control sanctions, rather than prison. The unrecorded sidebar was had when the court stated that it needed to "refresh its memory" about whether Williams had a gun during the incident. According to the "offense summary" contained in the presentence investigation report, Clayton, the victim, was "adamant that [Williams] had set him up." The summary further indicated that

Clayton said that Williams and another male came up to the passenger side of his car and *both* pointed guns at him. Moreover, the report stated that Clayton "later identified [Williams and Brent] as the two males that had pointed guns at him, attempted to rob him and subsequently shot him. [Clayton] could not say for certain who actually shot him."

{¶32} Given the above, we find that any error in not recording the sidebar conference was harmless.

{¶33} In light of the above, the second assignment of error is overruled.

{¶34} We further find Williams's contention that his trial counsel was ineffective for not preserving disproportionality of his sentence for review is without merit. Williams contends that his trial counsel should have advocated that he receive a lesser sentence than Brent, who was also sentenced to three years. His counsel did.

{¶35} As previously mentioned, Brent was sentenced one day prior to Williams's sentencing, by the same judge who sentenced Williams. At Williams's hearing, his attorney argued as follows to the court:

> [Williams's] role was not the same as his co-defendant. And, likewise, Mr. Williams cooperated with the authorities immediately. * * * there wouldn't be a case against the co-defendant but for the fact that [Williams] made the phone calls to the authorities when Demarco Clayton was shot.
>
> I think that shows that he did not have a reckless indifference to human life at all. That shows the contrary to that. That shows that he's a person of redeeming value. He cares what happens to people. The co-defendant left and didn't care less whether or not Demarco Clayton died or not, and I think that sets him apart.
>
> * * * I don't think that Mr. Williams should be given that same sentence. I think that he should, based on his totality of the circumstances, be given a community control sanction * * *.

**{¶36}** Thus, counsel did argue that any sentence three years or greater would be disproportionate to that of Williams's codefendant and, therefore, was not ineffective. Moreover, for the reasons already discussed, the sentence was not disproportionate. There was a dispute as to who the shooter actually was, and the trial court opted to assign equal responsibility to both defendants.

**{¶37}** In light of the above, the third assignment of error is overruled.

**{¶38}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., PRESIDING JUDGE

KENNETH A. ROCCO, J., and
PATRICIA ANN BLACKMON, J., CONCUR