[Cite as *State v. Frazier*, 2014-Ohio-4931.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101125**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**DARTANYON FRAZIER**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-576309

**BEFORE:**    Blackmon, J., E.A. Gallagher, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:**    November 6, 2014

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

Jeffrey M. Gamso
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:   Anthony T. Miranda
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} Appellant Dartanyon Frazier appeals his conviction and assigns the following error for our review:

> I. The trial court erred when it accepted Mr. Frazier's guilty plea without ensuring that he understood how the risks and benefits of the plea compared to the risk of going to trial.

{¶2} Having reviewed the record and pertinent law, we affirm Frazier's conviction. The apposite facts follow.

{¶3} On August 7, 2013, the Cuyahoga County Grand Jury indicted Frazier on three counts of aggravated robbery, three counts of robbery, three counts of petty theft, and two counts of having weapons while under disability. The aggravated robbery and robbery counts had one and three-year firearm specifications attached. At his arraignment on August 12, 2013, Frazier pleaded not guilty to the charges.

{¶4} On January 22, 2014, pursuant to a plea agreement with the state, Frazier pleaded guilty to three counts of robbery that had been amended to third-degree felonies with one-year firearm specification attached. Frazier also pleaded guilty to one count of having weapons while under disability with one-year firearm specification attached. Pursuant to the agreement, the state dismissed the remaining charges.

{¶5} On February 13, 2014, the trial court sentenced Frazier to a total of four years and three months in prison.

## Guilty Plea

{¶6} In the sole assigned error, Frazier argues his plea was not knowingly, intelligently, or voluntarily entered, because the trial court failed to ensure that he understood the risks and benefits of pleading guilty versus taking the matter to trial.

**{¶7}** Crim.R. 11(C) sets forth the requirements for a valid plea. It states, in pertinent part:

(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to a jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

**{¶8}** To ensure that pleas conform to Crim.R. 11, the trial judge must engage the defendant in a colloquy before accepting his or her plea. *See State v. Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115 (1981), paragraph one of the syllabus. "Ohio Crim.R. 11(C) was adopted in order to facilitate a more accurate determination of the voluntariness of a defendant's plea by ensuring an adequate record for review." *State v. Nero*, 56 Ohio St.3d 106, 564 N.E.2d 474 (1990).

**{¶9}** Crim.R. 11(C)(2)(c) delineates the five constitutional rights a trial court must personally advise a defendant he is waiving before the court can accept a guilty plea. *See Boykin v. Alabama*, 395 U.S. 238, 242-243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). For these constitutional rights delineated in Crim.R. 11(C)(2)(c), we require strict compliance. *State v. Moviel*, 8th Dist. Cuyahoga No. 86244, 2006-Ohio-697, ¶ 10. When the trial court fails to

explain these constitutional rights, it is presumed the plea was entered involuntarily and unknowingly made and therefore invalid. *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12.

{¶10} On the other hand, regarding a defendant's nonconstitutional rights delineated in Crim.R. 11(C)(2)(a) and (b), such as the maximum possible penalty, a substantial-compliance standard applies. *State v. Stewart*, 51 Ohio St.2d 86, 92, 364 N.E.2d 1163 (1977). The test for prejudice is whether the plea would have otherwise been made. *Nero* at 108. Under the substantial-compliance standard, a slight deviation from the text of the rule is permissible, so long as the totality of the circumstances indicates that "the defendant subjectively understands the implications of his plea and the rights he is waiving," the plea may   be upheld. *Id*.

{¶11} Preliminarily, we note, in the instant case, Frazier admits that the trial court properly advised him of the constitutional and nonconstitutional rights that he would be waiving by pleading guilty.  Frazier also opined that it was laudable that the trial court went beyond the minimum requirements of    Crim.R. 11.

{¶12} Our review of the plea colloquy reveals a textbook adherence to the respective constitutional and nonconstitutional requirements of Crim.R. 11. Throughout the colloquy, Frazier signified his understanding of the constitutional rights he was waiving, the nature of each charge, and the maximum penalties involved.

{¶13} Nonetheless, Frazier now argues that the trial court should have reviewed the merits of the plea agreement.    However, our research has not revealed any district in Ohio that requires the trial court to engage in a cost-benefit analysis with the defendant prior to accepting a guilty plea.  Frazier concedes as much.  Thus, because Crim.R. 11 does not require the trial

court to weigh the merits of the plea agreement negotiated between the state and defendant, we find no worth in this argument. Accordingly, we overrule the sole assigned error.

{¶14} Finally, Frazier raises in a footnote that the trial court announced at sentencing that it was finding him guilty of amended counts 1, 4, 9, and 7, instead of amended counts 3, 4, 9, and 7. Our review of the record indicates that Frazier in fact pleaded guilty to amended counts 3, 4, 9, and 7 pursuant to the plea agreement with the state and the trial court's journal entry correctly reflects the pleas entered. Here, because the journal entry correctly reflects the proper counts, the trial court's announcement of one incorrect count at the sentencing hearing was harmless. Moreover, a court speaks through its journal entries. *State v. Williams*, 8th Dist. Cuyahoga No. 100042, 2014-Ohio-1618, citing *State v. May*, 8th Dist. Cuyahoga No. 99064, 2013-Ohio-2697, ¶ 16.

{¶15} Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

PATRICIA ANN BLACKMON, JUDGE

EILEEN A. GALLAGHER, P.J., and
EILEEN T. GALLAGHER, J., CONCUR