[Cite as *State v. Stewart*, 2017-Ohio-740.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 104402**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TAYLOR STEWART

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-15-602090-A and CR-16-603218-A

**BEFORE:** Stewart, J., E.A. Gallagher, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** March 2, 2017

**ATTORNEY FOR APPELLANT**

Rachel A. Kopec
8748 Brecksville Road, Suite 200
Brecksville, OH 44141


 **ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

Christine M. Vacha
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

MELODY J. STEWART, J.:

{¶1} Defendant-appellant Taylor Stewart challenges his 54-month sentence after being convicted of two felonies and a misdemeanor. Stewart first argues that the trial court did not properly consider the purposes of felony sentencing as required by R.C. 2929.11 and the seriousness and recidivism factors contained in R.C. 2929.12. Second, he argues that the court wrongfully imposed a consecutive sentence under R.C. 2929.14(C)(4). Finding no merit to Stewart's arguments, we affirm the trial court.

{¶2} While awaiting trial on an indictment for two counts of felonious assault and one count of domestic violence, amongst other charges, Stewart was indicted again for subsequent crimes committed against the same victim. The second indictment consisted of one count of violating a protective order and one count of intimidation of a crime victim or witness.

{¶3} Stewart subsequently pleaded guilty to charges from both indictments. From the first indictment, he pleaded guilty to attempted felonious assault, a felony of the third degree. The remaining counts from that indictment were nolled. From the second, he pleaded guilty to attempted intimidation of a crime victim or witness, a felony of the fourth degree, and violating a protective order, a misdemeanor of the first degree.

{¶4} The court sentenced Stewart to 36 months in prison for the attempted felonious assault, 18 months in prison for the attempted intimidation, and time served for the protective order violation. The court ordered that his sentences run consecutively.

**{¶5}** R.C. 2953.08 limits an appellate court's ability to review felony sentences. As relevant to this case, an appellate court may modify a sentence only if the court "clearly and convincingly finds * * * [t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(2). As such, this court does not review a sentence for abuse of discretion. *See State v. Akins*, 8th Dist. Cuyahoga No. 99478, 2013-Ohio-5023, ¶ 15.

**{¶6}** In his first assignment of error, Stewart argues that his sentence is contrary to law because the trial court imposed a prison sentence without properly considering the requisite statutory factors from R.C. 2929.11 and 2929.12. He does not dispute the fact that his sentence falls within the statutory range for the offenses committed.

**{¶7}** R.C. 2929.11 directs a court to consider the "overriding" purposes of felony sentencing: (1) "protect[ion of] the public from future crime by the offender or others," and (2) "punish[ing] the offender." R.C. 2929.11(A). The court is to accomplish these purposes using "minimum sanctions" and without placing any "unnecessary burden on state or local government resources." *Id.* To achieve these purposes, a court must also consider the need for incapacitation, deterrence, rehabilitation, and restitution. *Id.* An appropriate sentence is thus one "reasonably calculated" to achieve the overriding purposes of felony sentencing and is "commensurate with," while "not demeaning the seriousness" of, the conduct and its impact. R.C. 2929.11(B).

**{¶8}** R.C. 2929.12 invests the trial court with discretion to "determine the most effective way to comply with the purposes and principles of sentencing." R.C. 2929.12(A). In doing so, the court must consider applicable factors from divisions (B)

and (C) relating to the "seriousness of the conduct," and divisions (D) and (E) relating to recidivism. *Id.* The statute also permits the trial court to consider "any other factors that are relevant to achieving those purposes and principles of sentencing." *Id.*

{¶9} The journal entry reflects that the trial court "considered all required factors of the law," and that it found "that prison is consistent with the purpose of R.C. 2929.11." The case law is clear that a sentencing court need not state anything further than it considered all required statutory factors to fully comply with the sentencing statutes. *State v. Kamleh*, 8th Dist. Cuyahoga No. 97092, 2012-Ohio-2061, ¶ 61. Beyond that, and contrary to Stewart's assertions, a review of the record shows that the court fulfilled its statutory obligation.

{¶10} Stewart argues that community control or a lesser sentence would have "better satisfied" the requirements of R.C. 2929.11. However, the decision whether to impose prison or community control sanctions lies squarely within the discretion of the trial court. Pursuant to R.C. 2929.13(C), Stewart's conviction for attempted felonious assault, a third-degree felony, did not require the court to impose community control sanctions. *See id.*; *State v. Robinson*, 8th Dist. Cuyahoga No. 99080, 2013-Ohio-2698, ¶ 10 ("[T]hird degree felonies carry no presumption for either prison or community control."). And because Stewart's most serious offense was a third-degree felony, community control was not required for his conviction of attempted intimidation. *See* R.C. 2929.13(B)(1)(a)(ii) (community control not required when most serious charge is greater than a fourth or fifth degree felony). As previously stated, the trial court had the

discretion to sentence Stewart to prison and this court does not review sentences for an abuse of that discretion. *See Akins*, 8th Dist. Cuyahoga No. 99478, 2013-Ohio-5023, at ¶ 15.

{¶11} The record shows that Stewart argued that for sentencing purposes, the court should consider his relative youth, the fact that this was his first domestic violence case, that he had been screened and accepted into a Community Based Correctional Facility ("CBCF") program, and his desire to not have additional contact with the victim. The record also shows that Stewart personally addressed the court regarding the domestic violence incident, stating that he was sorry, that it was a mistake, and that he did not mean to hurt the victim. He told the court that he "somewhat" had a history of being abused by his mother.

{¶12} The court disputed that it was his first domestic violence case and discussed two previous instances of domestic violence he was involved in, one of which was against his mother. The court also thought he was equivocating about his history of abuse.

{¶13} The state presented a summary of the victim's statement: the victim has multiple children, Stewart being the father of at least one. She lives in constant fear of her children's safety and her own. Stewart violated a protection order and a no-contact order multiple times and has continued to threaten the victim. Stewart previously threatened the children and threatened to set the house on fire. The victim wanted to move because Stewart knows where they live.

{¶14} The record also reflects that the state recounted the victim's injuries: she now has a scar on her face and is self-conscious about it. It reminds her of her injuries and that Stewart caused them. The victim was hit in the eye and went to the hospital. While she suffered no fractures, she had broken blood vessels in her eye. This caused vision problems, some of which persisted as of the date of sentencing. The victim lost her job because of her injuries. After hearing this evidence the court stated, "[c]ommunity control is out of the question. CBCF is out of the question. You're going to prison."

{¶15} In light of the above, we find no merit to Stewart's argument that the trial court did not consider R.C. 2929.11 and 2929.12 when sentencing him. Accordingly, Stewart's sentence is not contrary to law. *See Kamleh*, 8th Dist. Cuyahoga No. 97092, 2012-Ohio-2061, at ¶ 61.

{¶16} To the extent that Stewart's argument goes to the manner in which the trial court weighed the factors, this argument is not reviewable. The trial court has discretion to determine the particular weight it assigns a statutory factor. *State v. Arnett*, 99 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000). And this court does not have the jurisdiction to review whether such a determination is an abuse of discretion. *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 17; R.C. 2953.08(G)(2). Accordingly, Stewart's first assignment of error is without merit.

{¶17} In his second assignment of error, Stewart argues that the trial court erred when it sentenced him to consecutive prison terms. His argument consists solely of the

statement that "the trial court did not find the necessary elements of R.C. 2929.14(C)(4) and the record does not support consecutive sentences."

{¶18} R.C. 2929.14(C)(4) authorizes a trial court to impose consecutive sentences when more than one prison term is imposed for multiple convictions if the court makes three findings: (1) consecutive terms are required to protect the public from future crime or to punish the offender, (2) consecutive terms are not disproportionate to the seriousness of the conduct and danger posed to the public, and (3) either the offender committed at least one offense while awaiting trial or sentencing, that multiple offenses were part of a course of conduct and the harm caused was so great or unusual that a single term does not adequately reflect the seriousness of the offender's conduct, or that the offender's criminal history is such that consecutive terms are necessary to protect the public.

{¶19} The record reflects that the court made the necessary findings: it found consecutive sentences were "necessary to protect the public from future crime or to punish [Stewart]." The court found that consecutive sentences were "not disproportionate to the seriousness of [Stewart's] conduct and the danger [he] poses to the public." Finally, the court found that:

> [Stewart] committed one or more of the multiple offenses while [he] was awaiting trial or sentencing, * * * at least two of the multiple offenses were committed in this case as part of one or more courses of conduct and the harm caused by said multiple offenses was so great or unusual that no single prison term reflects the seriousness of [his] conduct, or [his] history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime.

{¶20} Stewart also asserts, in one sentence, that the record does not support the court's imposition of consecutive sentences. Based on our discussion above, we summarily overrule this assertion. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29.

{¶21} Stewart's second assignment of error is also without merit.

{¶22} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

EILEEN A. GALLAGHER, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR