[Cite as *State v. Davis*, 2017-Ohio-7483.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 105404

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# TONY L. DAVIS, JR.

DEFENDANT-APPELLANT

## JUDGMENT:
DISMISSED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-592237-A

**BEFORE:** Stewart, P.J., Boyle, J., and Jones, J.

**RELEASED AND JOURNALIZED:** September 7, 2017

**ATTORNEY FOR APPELLANT**

Russell S. Bensing
600 IMG Building
1360 East Ninth Street
Cleveland, OH 44114

**Also Listed**

Tony L. Davis, Jr., pro se
Inmate No. 672-164
Lake Erie Correctional Institution
501 Thompson Road
P.O. Box 8000
Conneaut, OH 44030


**ATTORNEY FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

MELODY J. STEWART, P.J.:

**{¶1}** Defendant-appellant Tony L. Davis, Jr. pleaded guilty to aggravated vehicular homicide, in violation of R.C. 2903.06(A)(1)(a), with an enhancement for driving with a suspended license, making the offense a first-degree felony. Davis also pleaded guilty to driving while under the influence, in violation of R.C. 4511.19(A)(1)(f), a first-degree misdemeanor, with a specification for a previous driving while under the influence conviction.[1] The court sentenced Davis to nine years in prison for the aggravated vehicular homicide and 20 days in prison for driving while under the influence, to be served concurrently. It also sentenced him to a mandatory five-year term of postrelease control and various penalties relating to his drivers license.

**{¶2}** The court appointed Davis new counsel for purposes of appeal. Appellate counsel now seeks permission to withdraw from the case pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), arguing that Davis can raise no nonfrivolous issues on appeal. Davis has had the opportunity to file his own merit brief, but has not done so.

---

[1] Counsel's brief erroneously states that Davis pleaded guilty to a different count of the indictment, which alleged he was driving while under the influence in violation of R.C. 4511.19(A)(1)(a), a first-degree misdemeanor with the same specification. This error does not affect our analysis.

**{¶3}** Consistent with *Anders* and Loc.App.R. 16(C) of the Eighth District Court of Appeals, counsel filed a no-merit brief in addition to his motion to withdraw as counsel.[2] Counsel's no-merit brief raises two possible assignments of error, challenging the nature of Davis's plea and the sentence the court imposed, and explains why both would be frivolous. We evaluate counsel's arguments in light of the record before us. *State v. Taylor*, 8th Dist. Cuyahoga No. 101368, 2015-Ohio-420, ¶ 20.

**{¶4}** Counsel suggests that Davis could file an assignment of error challenging the validity of his guilty plea on three separate grounds before concluding that such a challenge would be meritless. Counsel posits that Davis could argue that the trial court failed to advise him of his constitutional and nonconstitutional rights before accepting his guilty plea. Counsel indicates that the record rebuts this assertion, however, and shows that the court performed all of its obligations in this regard by advising Davis of his various rights: to be tried by jury, to confront the witnesses against him, to subpoena his own witnesses, that the state must prove his guilt beyond a reasonable doubt, and to be advised of the nature of the charges, penalties he faced, and that his guilty plea would constitute a complete admission of guilt. Our review of the record confirms that counsel is correct.

**{¶5}** Next, counsel addresses and disposes of a challenge to Davis's plea on grounds that he did not comprehend the proceedings. Counsel notes that Davis

---

[2] We note that recently the Fourth Appellate District has adopted a new procedure where it will no longer accept motions to withdraw pursuant to *Anders*. *See State v. Wilson*, 4th Dist. Lawrence No. 16CA12, 2017-Ohio-5772.

affirmatively answered "yes" to every question the court posed regarding his rights and his possible sentence. Counsel states that there is "absolutely nothing" in the record indicating that Davis was less than fully aware of the nature and consequences of pleading guilty. We agree.

{¶6} Counsel finally proposes that Davis might argue that his plea is defective on grounds of ineffective assistance of counsel, but shows how such argument would be without merit in light of the record. Davis pronounced that he was satisfied with his representation and that no threat, promise, or other inducement was made that caused him to plead guilty. We agree, and pursuant to *Anders,* find that no nonfrivolous argument lies in challenging Davis's guilty plea.

{¶7} Counsel also suggests that Davis could challenge his sentence as being contrary to law or clearly and convincingly unsupported by the record; however, counsel asserts that such a challenge would also be meritless. A defendant does not have a constitutional right to appellate review of his or her criminal sentence; "the only right to appeal is the one provided by statute." *State v. Akins*, 8th Dist. Cuyahoga No. 99478, 2013-Ohio-5023, ¶ 12. Because Davis's nine-year sentence for a felony of the first degree was not a maximum sentence, pursuant to R.C. 2953.08(A), the only potentially viable avenue of review here would be arguing that the sentence is contrary to law. There is no question that Davis's sentence is within the statutory range and that the court stated it gave appropriate consideration to the required sentencing factors. *See State v. Ongert*, 8th Dist. Cuyahoga No. 103208, 2016-Ohio-1543, ¶ 12 ("As long as a trial court

considered all sentencing factors, the sentence is not contrary to law and the appellate inquiry ends."). Moreover, counsel suggests that in light of the record, such a challenge would be frivolous even under the broader review provided in *State v. Jones*, 2016-Ohio-7702, 76 N.E.3d 596 (8th Dist.).[3] We agree with counsel that this potential assignment of error would be frivolous under *Anders*. We therefore dismiss this appeal and grant counsel's motion to withdraw.

{¶8} Appeal dismissed.

It is ordered that appellee recover of appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, PRESIDING JUDGE

MARY J. BOYLE, J., and
LARRY A. JONES, SR., J., CONCUR

---

[3] This case is presently before this court, en banc, to consider the issue of whether *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, permits an appellate court to modify or vacate and remand a sentence if it finds by clear and convincing evidence that the record does not support the trial court's findings under R.C. 2929.11 and 2929.12. The en banc resolution of the issue in *Jones* would not impact our analysis here.