[Cite as *State v. Browning*, 2022-Ohio-127.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,            :

                            No. 110555

    v.                             :

ANTHONY BROWNING,                       :

    Defendant-Appellant.           :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 20, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-650969-B

---

## *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Amanda Hall, Assistant Prosecuting Attorney, *for appellee.*

Margaret M. Keenan, *for appellant.*

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant, Anthony Browning ("Browning"), appeals from his judgment of conviction, challenging the trial court's imposition of a two-year prison sentence. For the reasons set forth below, we affirm Browning's conviction.

## Procedural and Factual History

{¶ 2} In September 2020, a grand jury indicted Browning, along with codefendant Milton Sherrod ("Sherrod"), for sexual battery and complicity for offenses committed in 2004. The record reveals that Browning was 22 years old and the victim was 15 years old at the time of the incident. It was alleged that Browning and Sherrod took turns raping the victim, without the use of prophylactics, in a motor vehicle and that Sherrod choked the victim during the incident.

{¶ 3} In March 2021, pursuant to a plea agreement, Browning pleaded guilty to an amended count of sexual battery, a felony of the third degree. The state of Ohio dismissed the remaining count.

{¶ 4} In April 2021, the trial court held a sentencing hearing. The victim appeared at the hearing via Zoom, but the assistant prosecuting attorney ("APA") advised the trial court that he had spoken with the victim, who did not want to say anything on the record at that moment. The APA continued that

> [w]hen we spoke with [victim] this morning, she's very eager to move past this case. She's very close to finishing up her own sentence in prison. And one of the poignant things that she discussed is even though she doesn't like prison, she thinks it is awful, she really does want to see this individual punished for what he did.

The trial court then sentenced Browning to a two-year prison term, imposed a mandatory term of five years postrelease control, and designated him a sexually oriented offender.

{¶ 5} In June 2021, Browning filed a motion for leave, with this court, to file a delayed appeal. Two weeks later, we granted Browning's motion for leave to

file the delayed appeal. In this delayed appeal, Browning now raises the following three assignments of error for our review:

### Assignment of Error No. 1
The two-year prison sentence issued by the trial court was contrary [to] law because it failed to conform with the overriding purposes of felony sentencing identified in R.C. §2929.11 and failed to consider the seriousness and recidivism factors identified in R.C. §2929.12.

### Assignment of Error No. 2
The two-year prison sentence issued by the trial court was contrary to law because the trial judge did not consider community control as a sanction as required by R.C. §2929.13.

### Assignment of Error No. 3
The two-year prison sentence issued by the trial court was contrary to law because it failed to comport with Ohio Crim.R. 32(B)(2) and (3) and the appellant was not advised of his right to appeal the sentence and was resultingly harmed.

## Law and Analysis

{¶ 6} In the first assignment of error, Browning argues the trial court's imposition of a two-year prison sentence was contrary to law. We disagree.

{¶ 7} We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1, 21. R.C. 2953.08(G)(2) provides that when reviewing felony sentences, the appellate court "shall review the record, including the findings underlying the sentence * * * given by the sentencing court" and that it "may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing" if it "clearly and convincingly finds" that (1) "the record does not support the sentencing court's findings" under particular

statutory provisions that do not apply here or (2) "the sentence is otherwise contrary to law."

**{¶ 8}** In the instant matter, Browning contends the imposed sentence was contrary to law because it failed to comport with the overriding purposes of felony sentencing set forth in R.C. 2929.11. According to Browning, the trial court failed to consider the need to incapacitate, deter, and rehabilitate him, as well as the need for him to make restitution to the victim and society.

**{¶ 9}** At the outset, we note, if the sentence is within the statutory range for the offense and the court considers both the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12, a trial court's imposition of a prison term for a felony conviction is not contrary to law. *State v. Woodard*, 8th Dist. Cuyahoga No. 106300, 2018-Ohio-2402, ¶ 35; *see also State v. Clay*, 8th Dist. Cuyahoga No. 108500, 2020-Ohio-1499, ¶ 26, citing *State v. Pawlak*, 8th Dist. Cuyahoga No. 103444, 2016-Ohio-5926, ¶ 58.

**{¶ 10}** Under R.C. 2929.11, a sentence imposed for a felony shall be "reasonably calculated" to achieve "three overriding purposes of felony sentencing" — (1) to protect the public from future crime by the offender and others, (2) to punish the offender, and (3) to promote the effective rehabilitation of the offender — "using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A) and (B). Additionally, the sentence imposed "shall be

commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim" and "consistent with sentences imposed for similar crimes committed by similar offenders."  R.C. 2929.11(B).

**{¶ 11}** The sentencing court must also consider the seriousness and recidivism factors set forth in R.C. 2929.12 in determining the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. *State v. Hodges*, 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025, ¶ 9.  R.C. 2929.12 provides a nonexhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.  *State v. Samuels*, 8th Dist. Cuyahoga No. 88610, 2007-Ohio-3904, ¶ 14.  R.C. 2929.11 and 2929.12 are not fact-finding statutes and, thus, the trial court is not required to use particular language or make specific findings on the record regarding its consideration of those factors.  *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31; *State v. Wenmoth*, 8th Dist. Cuyahoga No. 103520, 2016-Ohio-5135, ¶ 16.

**{¶ 12}** In keeping with the above principles, this court has "refused to find that a sentence is contrary to law when the sentence is in the permissible range and the court's journal entry states that it 'considered all required factors of the law' and 'finds that prison is consistent with the purposes of R.C. 2929.11.'" *State v. Williams*, 8th Dist. Cuyahoga No. 100042, 2014-Ohio-1618, ¶ 17, quoting *State v. May*, 8th Dist. Cuyahoga No. 99064, 2013-Ohio-2697, ¶ 16.

{¶ 13} Here, the two-year sentence for Browning's conviction, a third-degree felony, was within the permissible range.[1] Further, the court's judgment of conviction states that "[t]he court considered all required factors of the law. The court finds that prison is consistent with the purpose of R.C. 2929.11." Moreover, although the trial court was not required to make findings on the record under R.C. 2929.11 and 2929.12, the trial court discussed its reasoning at the sentencing hearing.

{¶ 14} Specifically, the trial court noted the seriousness of the crime and that the victim was a 15-year-old "hostage" in the car with Browning and Sherrod. Browning contends that the trial court's use of the word "hostage" was misplaced, because he was not convicted of kidnapping. However, because the record demonstrates that the battery occurred while the victim was in a car with Browning and Sherrod, we are not troubled by the trial court's characterization of the victim as a "hostage."

{¶ 15} Nonetheless, Browning cites to his young age — 22 years old — at the time of the crime, which occurred in 2004. However, the trial court aptly focused on the young age of the victim — 15 years old — which is a factor under R.C. 2929.12(B)(1), indicating that Browning's conduct was more serious than conduct normally constituting the offense. On the record before us, Browning has failed to demonstrate that his sentence was contrary to law.

---

[1] *See* R.C. 2929.14(A)(3)(a), which provides for a sentencing range of 12 to 60 months for a third-degree felony sexual battery conviction.

{¶ 16} Accordingly, we overrule the first assignment of error.

{¶ 17} In his second assignment of error, Browning argues that his two-year prison sentence was contrary to law because the trial court failed to consider community-control sanctions under R.C. 2929.13. We disagree.

{¶ 18} "[T]hird degree felonies carry no presumption for either prison or community control." *State v. Robinson*, 8th Dist. Cuyahoga No. 99080, 2013-Ohio-2698, ¶ 10. "[T]he decision whether to impose prison or community control sanctions lies squarely within the discretion of the trial court." *State v. Stewart*, 8th Dist. Cuyahoga No. 104402, 2017-Ohio-740, ¶ 10, citing *Robinson* at *id.* Rather, R.C. 2929.13(C) "allows the trial court to impose a sentence that furthers the purposes and principles of felony sentencing set forth in R.C. 2929.11 after considering all the seriousness and recidivism factors listed in R.C. 2929.12." *Robinson* at *id.*

{¶ 19} As discussed in our resolution of the first assignment of error, the trial court properly considered R.C. 2929.11 and 2929.12. As previously indicated, the APA informed the trial court that it was the victim's wish that Browning would serve some prison time for the crime. In relaying the victim's wishes to the trial court, the APA stated:

> This was, of course, a violent offense against a young lady who at the time was 15 years old. Did not use any sort of protection so put her at risk for STD's, emotional trauma, and you know, it really sets up this young lady to live with this trauma for the rest of her life. You can see as she's quietly sitting there, this is something that remains with her many years later. Your Honor, with this in mind, I would ask this Court to impose a prison sentence.

I don't believe community control is appropriate in this situation based on the facts, the history, and the wishes of the victim, and the court noted the seriousness of the offense committed against the victim when she was just 15 years old.

{¶ 20} The above excerpt, and elsewhere in the record, belies Browning's assertion that the trial court failed to consider community control sanctions under R.C. 2929.13. The record demonstrates that the trial court properly exercised its discretion in imposing a prison term rather than community-control sanctions.

{¶ 21} Accordingly, we overrule the second assignment of error.

{¶ 22} In the third assignment of error, Browning argues that his two-year prison sentence was contrary to law because the trial court failed to advise him of his appellate rights.

{¶ 23} Crim.R. 32(B) requires a trial court to advise a defendant of his or her appellate rights. Indeed, a review of the transcript reveals that the trial court did not so advise Browning. As previously mentioned, the judgment of conviction was issued in April 2021. In June 2021, Browning filed a motion for delayed appeal, which was granted approximately two weeks later. This court has consistently held that when a motion for delayed appeal is granted, an appellant is not prejudiced and any error under Crim.R. 32(B) is harmless. *State v. Hunter*, 8th Dist. Cuyahoga No. 99472, 2013-Ohio-5022, ¶ 24.

{¶ 24} Nonetheless, Browning contends he was prejudiced by the trial court's failure to advise him of his appellate rights because he was physically abused while in prison, he was not available for his 19-year-old son who was assaulted while

Browning was in prison, and he was separated from his other children, one of whom was an infant.

{¶ 25} However, we are not persuaded that these circumstances, even if true, rise to level of legal prejudice. As previously indicated, Browning sought and was granted leave to appeal. As such, Browning did not suffer any prejudice in terms of his legal rights by the trial court's failure to advise him of his appellate rights.

{¶ 26} Accordingly, we overrule the third assignment of error.

{¶ 27} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

EMANUELLA D. GROVES, JUDGE

MICHELLE J. SHEEHAN, P.J., and
LISA B. FORBES, J., CONCUR